# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER DUBOIS NORTH AMERICA, INC., | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2566 |
| v. | (JUDGE CAPUTO) |
| C. DUANE THOMAS, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant's Motion to Dismiss the Plaintiff's Amended Complaint in Part, pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons set forth below, I will deny the Defendant's motion. The Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

## BACKGROUND

Plaintiffs Roger Dubuis North America, Inc. ("RDNA") and Helvetia Time Corporation are distributors of luxury watches and timepieces in North and Central America and the Carribean, maintaining its principal place of business in Wilkes-Barre, Pennsylvania. (Doc. 4, ¶¶ 1-2.) Defendant C. Duane Thomas was employed as National Sales Manager of RDNA from October 2002 through November 2005. (Doc. 4, ¶ 3.) Plaintiffs allege that, since the time of his termination, Defendant has conspired to infringe upon RDNA's trademark and destroy the brand, eliminating it from the luxury watch and timepiece industry. (Doc. 4, ¶ 3.) Plaintiffs also allege that Defendant

Thomas has affirmatively interfered with RDNA's contractual relationships by selling, marketing, and/or distributing watches and related products bearing the RDNA trademark without consent or approval of the company. (Doc. 4, ¶ 10.) They further allege that Defendant attempted to illegally obtain Plaintiff's business records by bribing one of Plaintiff's employees with a substantial cash payment. (Doc. 4, ¶¶ 29-40.) Finally, Plaintiff alleges that Defendant has misappropriated their confidential and proprietary business information for the purposes of using and exploiting same to lure RDNA customers towards Defendant's new brand, to the detriment of RDNA sales. (Doc. 4, ¶¶ 41-44, 47.)

On December 20, 2005, Plaintiffs RDNA[1] and Helvetia Time Corporation filed their Amended Complaint against Defendants C. Duane Thomas, Carlos Dias, Maurice Mazzocchi, and Manufacture Roger Dubuis, S.A., alleging claims for: trademark infringement under (1) the Lanham Act and (2) common law, (3) misappropriation of confidential business information and trade secrets, (4) tortious interference with business relations, (5) conversion of property, and (6) civil conspiracy. (Doc. 4.)

On January 20, 2006, the Court issued an oral order from the bench, dismissing all claims against Defendants Carlos Diaz, Maurice Mazzocchi, and Manufacture Roger Dubuis, S.A., and retaining only the claims against Defendant C. Duane Thomas. (Doc. 42.)

On January 6, 2006, Defendant C. Duane Thomas (hereinafter, "Defendant") filed a Motion to Dismiss the Amended Complaint in Part, with respect to Counts One

---

[1] Although the Amended Complaint identified Helvetia Time Corporation as a separate corporate plaintiff, in fact, Helvetia Time Corporation and RDNA are one and the same company by virtue of a corporate name change and merger. (Doc. 76, n.1.)

2


(Trademark Infringement - Lanham Act), Count Two, (Trademark Infringement - Common Law), and Count Five (Conversion), to the extent that Count Five purports to state a claim for conversion of trade secrets. (Doc. 22-1.) It is this motion to dismiss in part that is presently before the Court.

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining

whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**1.     Plaintiff's Counts One & Two - Trademark Infringement**

Defendant seeks to have Count One of the Plaintiff's Amended Complaint–which alleges trademark infringement under the Lanham Act, 15 U.S.C. 1051 *et seq.*–and Count Two–which alternatively alleges trademark infringement at common law–dismissed. For the reasons stated below, these requests will be denied.

As the opinion of this Court, issued on March 3, 2006, stated, there has not yet been a determination by the Swiss tribunal whether the Distribution Contract (Doc. 22-2, pp. 3-12) (the Agreement) between Manufacture Roger Dubuis, S.A. (MRD) and RDNA was validly terminated. (Doc. 41, p. 8.) This fact makes consideration of this motion to dismiss straightforward. To prevail on an infringement claim under § 32 of the Lanham Act, a plaintiff must show that defendant's use of that mark is unauthorized. *See* 15 U.S.C. § 1114 (holding liable "[a]ny person who shall, *without the consent of the registrant*- (a) use in commerce any reproduction ... of a registered mark ... in connection with which such use is likely to cause confusion.") (emphasis added). In order to conduct

an analysis concerning whether or not Defendant's use of the registered mark was authorized, the Swiss tribunal must first make a determination concerning the validity of the termination of the Agreement between the parties.

Regardless of the Swiss tribunal's determination, however, the Defendant's motion to dismiss Counts One and Two of the Amended Complaint must fail.  In either scenario, when viewing the record in the light most favorable to the Plaintiff, Defendant has failed to overcome his burden of establishing that the Plaintiff's complaint fails to state a claim upon which relief can be granted.  RDNA received consent from MRD to register and use the Roger Dubuis trademark in the United States.  (Doc. 22-2, p. 48.)  And RDNA is, in fact, the registrant of record for the Roger Dubuis mark in the United States.  (Doc. 22-2, p. 50.)  Registration of a mark is constructive notice of the registrant's claim of ownership thereof.  15 U.S.C. § 1072.  RDNA is presumptively, therefore, the owner of the trademark in the United States.

Therefore, independent of the Swiss tribunal's determination, RDNA will be able to sustain a reasonable argument of ownership to the Roger Dubuis trademark in the United States.  If the Court draws the reasonable inference of RDNA's ownership in the mark, which it is required to do under an analysis for a motion to dismiss pursuant to Rule 12(b)(6), Defendant's motion must fail because this ownership, if proved, would support a claim of trademark infringement.  The Court is careful here, however, not to consider the merits of the arguments regarding ownership in the trademark at this time.

For the above stated reasons, Defendant's motion to dismiss Counts One and Two of the Plaintiff's Amended Complaint will be denied.

**2.     Plaintiff's Count Five - Conversion**

Defendant seeks to have Count Five of the Plaintiff's Amended Complaint dismissed to the extent it purports to state a claim for conversion of Plaintiff's trade secrets. For the reasons stated below, this request will be denied.

Defendant argues, in his brief in support of this motion to dismiss, that the Uniform Trade Secrets Act (UTSA), 12 Pa.C.S.A. §§ 5301-5308–which was adopted by Pennsylvania in 2004–provides the exclusive civil remedy for misappropriation of trade secrets under Pennsylvania law. Section 5308 of the UTSA states, in pertinent part, "[e]xcept as provided in subsection (b), this chapter displaces conflicting tort ... law of this Commonwealth providing civil remedies for misappropriation of a trade secret." Subsection (b)(2) of this section then reads "[t]his chapter does not affect other civil remedies that are *not* based upon misappropriation of a trade secret" 12 Pa.C.S.A. § 5308 (2004) (emphasis added). The Defendant argues that Plaintiff's claim under the common law tort of conversion is thus preempted by this legislation to the extent that it addresses misappropriation of trade secrets. Plaintiff argues in rebuttal that because their conversion claim is not based solely on misappropriation of trade secrets, that those portions of their claim dealing with other confidential and/or proprietary information are not preempted by the UTSA and therefore not subject to dismissal.

It is evident to the Court that Defendant seeks to have this Claim dismissed only to the extent that it addresses misappropriation of trade secrets. The problem facing the Court, however, is that there has been no determination at this juncture as to which confidential and/or proprietary information, if any, can be considered a trade secret as that term is defined in the UTSA. Though the law is unsettled on this issue, the Court is

6

in agreement with the approach taken by the United States District Court for the Eastern District of Virginia, which in *Stone Castle Fin., Inc. v. Friedman, Billings, Ramsey & Co., Inc.*, held that "because it cannot be established at this juncture [the motion to dismiss stage] whether the confidential information at issue in this case is a trade secret, the Court cannot find that [Plaintiff's] claims are preempted [by the UTSA]".  191 F.Supp.2d 652, 659 (2002).

Accordingly, the Court will not entertain a preemption argument under the UTSA at this time, and the Defendant's motion to dismiss Count Five of the Plaintiff's Amended Complaint will be denied.

## CONCLUSION

For the foregoing reasons, the Court will deny the Defendant's motion to dismiss. An appropriate order shall follow.

Date: 9/14/06

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROGER DUBOIS NORTH AMERICA, INC.,

    Plaintiff,

        v.

C. DUANE THOMAS,

    Defendant.

NO. 3:05-CV-2566

(JUDGE CAPUTO)

## ORDER

**NOW**, this <u>14th</u> day of September, 2006, **IT IS HEREBY ORDERED** that Defendant C. Duane Thomas's Motion to Dismiss the Amended Complaint in Part (Doc. 22-1) is :

(I)     Defendant's motion is **DENIED** insofar as he seeks dismissal of Count One of the Amended Complaint, regarding trademark infringement under the Lanham Act.

(II)     Defendant's motion is **DENIED** insofar as he seeks dismissal of Count Two of the Amended Complaint, regarding trademark infringement under common law.

(III)     Defendant's motion is **DENIED** insofar as he seeks dismissal of Count Five of the Amended Complaint, regarding conversion of the Plaintiff's trade secrets.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge