# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROGER DUBUIS NORTH AMERICA, INC.,

    Plaintiff,

        v.

C. DUANE THOMAS,

    Defendant.

NO. 3:05-CV-2566

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is Plaintiff's Motion for Sanctions due to Defendants' Cancellation of Depositions (Doc. 60-1). For the reasons stated below, this motion will be granted. The Court has jurisdiction pursuant to 15 U.S.C. § 1121 (original jurisdiction lies with district court in trademark infringement actions under the Lanham Act) and 28 U.S.C. §§ 1331[1] ("federal question jurisdiction"), 1332 ("diversity jurisdiction"), 1338[2], and 1367 ("supplemental jurisdiction" over related state-law claims).

## BACKGROUND

Plaintiff has alleged that Defendants have attempted to infringe upon their trademarks and have interfered with Plaintiff's contractual relationships for sale of their

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1996).

[2] "(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... trademarks. (b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with substantial and related claims under the ... trademark laws." 28 U.S.C. § 1338 (1999).

luxury watches and timepieces in North and Central America and the Carribean.  More detailed facts may be drawn from the record.

With relevance to the present motion, Plaintiff alleges the following: Defendants Thomas, Dias, and Mazzocchi refused to enter this jurisdiction to be deposed due to concerns over their potential criminal liability herein. (Doc. 60-1 ¶ 4.)  Defendants' counsel offered to make the witnesses available to testify via videoconference.  Plaintiff's counsel objected to that proposal due to, *inter alia*, cross-examination difficulties with the videoconferencing method. (Doc. 60-1 ¶ 5.)  Eventually, this Court ruled that the depositions via videoconference could occur. (Doc. 60-1 ¶ 8.)  The depositions were to originate in the offices of Morgan Lewis & Bockius ("Morgan Lewis") in London, England and be transmitted to the Morgan Lewis office in Philadelphia, Pennsylvania. (Doc. 60-1 ¶ 10.)  Plaintiff arranged to have its counsel from Geneva, Switzerland travel to London to attend and participate in the videoconference depositions of Defendants Thomas, Dias, and Mazzocchi. (Doc. 60-1 ¶ 11.)  The evening before the depositions were to occur (at 7:00 a.m. EST the following morning due to the time differential), Plaintiff's counsel located in Scranton, Pennsylvania traveled to Philadelphia to attend the depositions. (Doc. 60-1 ¶ 12.)  Defendant's counsel telephoned Plaintiff's counsel that evening and moved the depositions to 10:00 a.m. EST instead of 7:00 a.m. (Doc. 60-1 ¶ 14.)  After Plaintiff's Swiss counsel arrived in London on the morning of the depositions, he called the London office of Morgan Lewis and was told that the depositions had been cancelled.  This information was quickly relayed to Plaintiff's counsel from Scranton, who was in Philadelphia.  Plaintiff's counsel then called Defendants' counsel who confirmed that the depositions had been cancelled due to the potential criminal liability of the individual

defendants and their desire to retain private criminal counsel.  (Doc. 60-1 ¶ 15.) Plaintiff's motion alleges that Defendants' counsel agreed to pay the attorneys' fees and expenses for their time wasted on this day.  (Doc. 60-1 ¶ 17.)

Plaintiff's motion alleges that the following transpired a few days later: Following the injunction hearing of January 20, 2006, Defendants' counsel indicated for the first time that it intended to conduct the videotape depositions of two witnesses due to their travel issues.  (Doc. 60-1 ¶ 18.)  Despite the lack of timely notice, Plaintiff's counsel participated in these depositions on the following day.  (Doc. 60-1 ¶ 19.)  During those depositions and without prior notice, Defendant's counsel indicated that it intended to conduct the videotape deposition of Defendant Mazzocchi on the following day.  (Doc. 60-1 ¶ 20.)  Plaintiff likewise participated in this deposition, despite the lack of timely notice.  (Doc. 60-1 ¶ 21.)  On the day of the deposition, Defendants' counsel indicated that the deposition of Defendant Mazzocchi would not proceed due to Mazzocchi's concerns about possible criminal prosecution.  (Doc. 60-1 ¶ 24.)  Defendants' counsel again advised Plaintiff's counsel to submit a statement seeking reimbursement of attorneys' fees and expenses incurred in connection with the aborted deposition of Defendant Mazzocchi.  (Doc. 60-1 ¶ 25.)  By letter dated February 6, 2006, Plaintiff's counsel requested Defendants' counsel to issue a reimbursement payment of $13,783.01 relating to the foregoing two incidents.  (Doc. 60-1 ¶ 26; Doc. 60-1 Ex. A.)  In response, Defendants' counsel sent a letter requesting to recover costs incurred with respect to Plaintiff's withdrawal of their request for injunctive relief.  (Doc. 60-1 ¶ 27; Doc. 60-1 Ex. B.)

On February 14, 2006, Plaintiff filed the present motion for sanctions due to

Defendants' cancellations of depositions pursuant to Federal Rule of Civil Procedure 30(g).  (Doc. 60-1.)  Plaintiff's supporting brief was filed on March 1, 2006.  (Doc. 63-1.)  On March 15, 2006, Defendants filed a memorandum in opposition to Plaintiff's motion for sanctions.  (Doc. 65-1.)  Plaintiff filed a reply brief in support of the motion for sanctions on March 27, 2006.  (Doc. 66.)  This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Failure to proceed with a properly noticed deposition is sanctionable under Federal Rule of Civil Procedure 30(g), which provides:

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

FED.R.CIV.P. 30(g)(1).

In deciding a motion for sanctions, the court should consider all the circumstances, such as whether the failure was inadvertent or in bad faith, when setting proper sanctions.  *Barrett v. Brian Bemis Auto World*, 230 F.R.D. 535, 537 (N.D. Ill. Sept. 13, 2005).

## DISCUSSION

The Court's research reveals only a handful of district court cases that discussed the issuance of sanctions pursuant to Rule 30(g)(1) to the noticing party for a failure to attend and proceed with scheduled depositions.  In *First Interstate Bank of Nev., N.A. v.*

*Nat'l Republic Bank of Chi.*, 1986 WL 6928 (N.D. Ill. May 23, 1986), the Court found that plaintiff's counsel's announced unavailability for a Friday deposition was not the cause of the cancellation of that day of depositions, because plaintiff's ill health intervened to force the depositions to be suspended.  The deposition never occurred because the plaintiff soon passed away, and defendant's counsel sued for the costs of traveling to the scheduled depositions, on the grounds that even if plaintiff was in attendance, plaintiff's counsel would not have been.  The Court denied the motion for sanctions, holding that no bad faith was present, and that the costs incurred would have been incurred in any event because defendants were taking plaintiff's deposition on the same trip.

In a later opinion, the same Court held that defense counsel's cancellation of a scheduled deposition of plaintiff's expert witness *did* warrant an award of sanctions against defendant and its counsel, even if defense counsel had believed she was prejudiced by late production–at deposition rather than by two-week deadline before deposition–of documents defendant had requested regarding expert's qualifications. *Barrett*, 230 F.R.D. at 535.  The *Barrett* Court reasoned that defense counsel should have alerted plaintiff, in the two-week period before deposition, that defense counsel would not go forward with the deposition.  The Court found the proper sanctions to be an award of reasonable expenses to cover travel and deposition time of plaintiff's counsel and plaintiff's expert, but not time spent by counsel or expert to prepare for the deposition, since such time was not wasted (since the depositions were rescheduled for a later date).

The United States District Court for the District of South Carolina awarded travel and attorney's fees under Rule 30(g) to plaintiff's counsel in the matter of *Pine Lakes*

*Intern. County Club v. Polo Ralph Lauren Corp.*, 127 F.R.D. 471 (Aug. 25, 1989), where noticing defense counsel failed to properly notify him that depositions scheduled for the following day had been cancelled. A phone call to the attorney's office on the afternoon prior to the depositions leaving a message to please return the call on an important matter, but failing to mention the cancellation of the depositions, was deemed to be insufficient notice of the cancellation thereof.

In *West v. West*, 126 F.R.D. 82 (N.D. Ga. Mar. 20, 1989), the Court found appropriate an award of attorney's fees and expenses under Rule 30(g) for a plaintiff's attorney who was forced to travel to the Bahamas for depositions that never occurred, where defendant was the noticing party.

Finally, in *Spalding & Evenflo Cos., Inc. v. Graco Metal Prods., Inc.*, 1992 WL 109092 (N.D. Ohio Feb. 14, 1992), the Court granted sanctions only as to the costs of an expert witness who was already on a flight to the planned deposition location when the noticing party cancelled the deposition. The parties in *Spalding* had agreed to the meeting place for depositions as mutually convenient to both parties.

In the present action, Plaintiff's supporting brief argues that the time spent with respect to the deposition of Defendant Dias was indeed wasted because he is no longer a party to this action and there is no certainty that Dias will testify in the proceedings before the Swiss tribunal. (Doc. 66 p. 8.) They further argue that Defendants' bad faith in twice cancelling the deposition of Mr. Mazzocchi should lead them to be required to reimburse Plaintiff for the attorneys' fees incurred in preparing for and attending these cancelled depositions. (Doc. 66 p. 9.)

The Defendants' counter to Plaintiff's request for fees involves the suggestion that

because Defendants incurred more attorneys' fees in preparing for the injunction hearing that was cancelled by Plaintiff's withdrawal of the motion for same than the Plaintiff's claimed fees for the cancelled deposition, no fees by way of sanction should be granted. (Doc. 65-1 pp. 5-6.)

Defendants cite no authority for this set-off contention.  Moreover, Rule 30(g) of the Federal Rules of Civil Procedure allows for relief under the circumstances presented here.

There is merit to the Defendants' argument that the time spent preparing for the depositions of Defendants Mazzocchi and Thomas was not wasted since that preparation was used in the cross-examination of these individuals at the preliminary injunction hearing held on January 20, 2006.  (Doc. 65-1 p. 8.)  The Plaintiff's billing records do not break down the fees and expenses by witness for the January 18, 2006 cancellations of Messrs. Thomas, Dias, and Mazzocchi, however, the fees and expenses for the cancelled deposition of Mr. Mazzocchi on January 22, 2006 are isolated.  (Doc. 60-2 p.3.)

Given the circumstances here presented I hold that Plaintiff is entitled to sanctions in the form of attorneys' fees and expenses for the cancelled depositions reduced by an amount which is fairly attributable to the preparation having been used in the cross-examination of Messrs. Mazzocchi and Thomas at the preliminary injunction hearing. Furthermore, given the Court's inability to segregate the amount so attributable, I will give the Plaintiff fifteen (15) days to submit evidence which supports an amount greater than the amount of $5223.01, the amount suggested by Defendants.

7

**CONCLUSION**

For the above stated reasons, the Plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 30 is granted.  An appropriate order will follow.


Date: November  2 , 2006

　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROGER DUBUIS NORTH AMERICA, INC., | |
| Plaintiff, | NO. 3:05-CV-2566 |
| v. | (JUDGE CAPUTO) |
| C. DUANE THOMAS, | |
| Defendant. | |

## ORDER

**NOW**, this  2nd  day of November, 2006, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions due to Defendants' Cancellation of Depositions pursuant to Federal Rule of Civil Procedure 30(g) is **GRANTED** in conformity with the foregoing memorandum.  Plaintiff shall, within fifteen (15) days of this order, submit evidence and a supporting memorandum that the fees and expenses attributable to examination preparation that was devoted to Mr. Dias and the travel and time present for the cancelled depositions of Mr. Mazzocchi exceeded the amount of $5223.01.  Should Plaintiff do so, Defendant shall have five days therefrom to submit evidence and/or a memorandum in opposition.  Failing a submission by Plaintiff, or following submissions by the parties as noted, the Court will enter an order as to the amount of fees and expenses allowed to Plaintiff.

                                               /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge